## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MATTHEW AARON ESCALANTE,

      **Plaintiff,**

      v.                                **CASE NO. 24-3171-JWL**

**CHARLES JAMES DROEGE,**
**Chief Judge, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff Matthew Escalante is a state prisoner in the custody of the Johnson County Adult Detention Center in Olathe, Kansas. On September 30, 2024, Plaintiff filed a pro se action purporting to be a "Complaint for Violations of Civil Rights Pursuant to 42 U.S.C. § 1983 & 42 U.S.C. § 1985 Conspiracy to Interfere with Civil Rights of the Plaintiff." (Doc. 1.)

Plaintiff is enjoined from filing an action in this Court unless he complies with the requirements of his filing restrictions. *See Escalante v. Burmaster*, Case No. 23-2471-JWB, Doc. 72 (D. Kan. Jan. 18, 2024). To file a pro se action in this Court, Plaintiff must first mail or otherwise deliver the submission to the Clerk of Court requesting leave to file a complaint or other pleading that includes:

> 1. A copy of [the January 18, 2024 Memorandum and Order imposing filing restrictions] and any subsequent Order involving filing restrictions;
> 2. A copy of the proposed complaint or pleading;
> 3. A list of all other lawsuits or other matters currently pending or previously filed with this court or any other court that involve the same or similar claims or parties, including the name, number, and status or disposition of each listed case;
> 4. A notarized affidavit certifying that: (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and (2) The claims are not frivolous, malicious, or made in bad faith.

*Id*. at 3.

Plaintiff filed a "Motion for Leave to File Complaint" (Doc. 2) stating that his compliance with his filing restrictions is set forth in Exhibits W, X, Y, and Z, to his Complaint.  Plaintiff asserts that the information in the exhibits is the same that was used to satisfy his filing restrictions when he filed Case No. 24-2235.  The Court grants Plaintiff's Motion for Leave to File Complaint.  This Court also grants Plaintiff's motion (Doc. 3) seeking leave to proceed in forma pauperis.

Exhibit X to the Complaint is Plaintiff's certification that this case is "neither frivolous nor malicious" and "contains no claim that has been prior [sic] litigated in this Court."  (Doc. 1–1, at 17.)  However, the Court finds that this case is frivolous and contains claims that have been raised in prior litigation in this Court.  Plaintiff continues to file actions against his state court judges, actions based on violations of state statutes, rules, or judicial canons, and claims that are subject to abstention doctrines.

Plaintiff names as defendants in this case the judge in his state court proceedings and the attorney that has represented the judge in prior cases.  Plaintiff alleges in his Complaint that *Younger* abstention and the Rooker Feldman doctrine do not apply because "Chief Judge Charles James Droege & the state courts attorney are in admissible evidence inside a state court lawsuit of working in tandem to manipulate the justice system of the 10th Judicial District in Case 24CV03119 & against Plaintiff illegally."  (Doc. 1, at 2.)  Plaintiff references Case No. 24CV03119 as his Kansas Open Records Act case and claims that Judge Droege is violating a Kansas judicial canon and a Kansas statute.  *Id*. at 3. He also claims that Judge Droege is allowing the state's attorney to violate the 10th Judicial Court's civil rules by allowing him to file late and "out of time" entries and to come into the case without  a proper entry of appearance.  *Id*. at 3, 6. Plaintiff alleges the judge and attorney are conspiring and that Judge Droege is unlawfully

presiding over the case after another judge recused from the case. *Id*. at 4–5. Plaintiff also alleges

that Judge Droege is failing to comply with a Kansas Supreme Court Rule. *Id*. at 6.

Plaintiff continues to assert claims against his state court judge and relating to his state

court proceedings. This Court dismissed Case No. 23-2536-TC-TJJ with prejudice, finding as

follows:

> This is the latest in a series of federal lawsuits Escalante has
> initiated against state court judges involved in his child custody
> dispute. *See Escalante v. Burmaster*, No. 23-CV-2471, 2023 WL
> 8373101, at *1 (D. Kan. Dec. 4, 2023) (noting at least four other
> cases have been dismissed); *see also Escalante v. Escalante*, No. 23-
> 2491, 2024 WL 459837, at *1 (D. Kan. Feb. 6, 2024) (listing several
> of Escalante's other lawsuits). In this matter, Escalante invokes 42
> U.S.C. § 1983. He asserts that Chief Judge Droege has violated the
> Fourteenth Amendment's due process clause and the Sixth
> Amendment right to counsel by entering case transfer orders. Doc. 1
> at 3.1 His pleadings are convoluted. It appears that Escalante alleges
> that he did not receive notice that his state court cases were being or
> had been transferred to another forum. At other times, he alleges that
> the cases have not been transferred and the transfer notations were
> entered to deceive him. Doc. 1 at 4–5. He intimates as well that there
> was bias in his state cases because he is Hispanic. *Id*. at 5. And he
> further alleges that Chief Judge Droege made the transfers in "clear
> absence of jurisdiction." *Id*. He requests injunctive relief in the form
> of "removing All of" his cases "from the Johnson County judiciary."
> Doc. 1 at 7.
>
> * * * *
>
> Escalante's pleadings fail to state a claim for relief. And in any
> case, Chief Judge Droege is immune for acts taken in his official
> capacity—no further analysis of any additional pleading infirmities
> (e.g., standing or collateral estoppel) is necessary. Accordingly,
> Chief Judge Droege's motion to dismiss, Doc. 11, is granted. And
> all of Escalante's requests for relief are denied.
>
> **A**
>
> Judicial immunity exists to protect judicial independence "by
> insulating judges from vexatious actions prosecuted by disgruntled
> litigants;" precisely the fact pattern that seems to be present in this
> case. *See Forrester v. White*, 484 U.S. 219, 225 (1988). It is
> overcome in only two sets of circumstances: where actions taken in
> the judge's nonjudicial capacity are at issue or when judicial actions
> are taken in the complete absence of all jurisdiction. *Mireles v.*

*Waco*, 502 U.S. 9, 11–12 (1991). This is an extremely high standard. *See Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Even convicting individuals of crimes that do not exist falls short of acting in complete absence of all jurisdiction. *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008).

It appears that the basis of Escalante's claims are Chief Judge Droege's procedural docket entries on November 16, 2023, in Kansas Tenth Judicial District Cases No. 18-CV-03813 and No. 22-CV-03813, which transferred the cases for caseload management purposes. Doc. 12 at 5. Escalante argues that because the cases were transferred without notice, the transfer itself was a judicial act "in 'Clear absence of all Jurisdiction'." Doc. 1 at 5. He alternatively claims that the cases were not in fact transferred and that the entries were intentionally deceptive such that he was deprived of due process. *Id*. at 4–5.

Regardless of how Escalante's claims are characterized, the conduct described was not in "clear absence of all jurisdiction." Kansas courts have jurisdiction over child-custody disputes where, as here, Kansas is the child's home state. Kan. Stat. Ann. § 23-37, 201. In such cases, Kansas district judges "have and exercise [] full judicial power and authority." Kan. Stat. Ann. § 20-302. Undoubtedly, that includes the power to transfer a case for case management reasons. *Cf. Fletcher v. Tymkovich*, 786 F. App'x 826, 828 (10th Cir. 2019) (upholding judicial immunity in part because a judge's actions were "explicitly within the confines" of local and state rules and in part because "case management" is routine). In short, procedural case management orders, as the orders in this case appear to be, are a routine exercise of judicial power to control dockets. Judicial immunity thus bars Escalante's claims.

\* \* \* \*

Escalante's suit fails as a matter of substantive law. And it has the effect of harassing judicial officials and subjecting them to the costs of defending suit just for doing their job. But it is not clear that Escalante comprehended the frivolous nature of his claims. Court orders informing him that his claims lacked legal merit and barring him from filing similar suits without leave were filed, but only after he initiated this suit. *See Escalante v. Burmaster*, No. 23-CV-2471, 2023 WL 837310 (Doc. 58); *see also Escalante v. Escalante*, No. 23-2491, 2023 WL 8452046, at *2 (D. Kan. Dec. 6, 2023) ("Plaintiff is restricted from filing any documents or motions in this action, with the exception of responses and reply briefs to motions already pending or the forthcoming motions to dismiss, unless he first seeks leave from the court."). In such circumstances, an award of fees and costs against a pro se plaintiff is inappropriate under either Rule 11 or Section 1988.

*Escalante v. Droege*, Case No. 23-2536-TC-TJJ, Doc. 27, at 2–7 (D. Kan. March 1, 2024).

Although the Court in Case No. 23-2536 found that Plaintiff was not warned about the frivolous nature of his claims prior to filing that case, he clearly has been warned prior to filing the instant case.  In Case No. 23-2559-JWB, Plaintiff named his state court judge as a defendant. The Court found that:

> Plaintiff is proceeding pro se and filed this 42 U.S.C. § 1983 action against Paul Burmaster, a state court judge for the District Court of Johnson County, Kansas, who was presiding over child support proceedings involving Plaintiff. This is the sixth action filed by Plaintiff against Judge Burmaster. In March 2023, Plaintiff filed a similar action. *See Escalante v. Burmaster (Burmaster I)*, Case No. 23-2130-TC. *Burmaster I* was dismissed by Judge Crouse under the *Younger* abstention doctrine and on the basis that it was barred by judicial immunity. *See id.* Doc. 31.  Plaintiff has also filed at least six other actions (four involving Judge Burmaster) related to the state court proceedings within the last year. *See Escalante v. Burmaster*, Cases 23-03193-JWL; 23-3195-JWL, 23-3232-JWL; 23-2471-JWB; *Escalante v. Escalante, et al.*, Cases 23-2176-KHV, 23-2491-JWB. Notably, on November 6, 2023, Judge Vratil entered an order admonishing Plaintiff to consult Federal Rule of Civil Procedure 11 before re-asserting claims which this court has previously rejected based on the ongoing state court proceedings. Case No. 23-2176, Doc. 22.  Shortly before Judge Vratil's order was entered, Plaintiff filed another case against Judge Burmaster, *Escalante v. Burmaster (Burmaster II)*, Case No. 23-2471-JWB. In *Burmaster II*, Plaintiff again complained of actions taken by Judge Burmaster in the state court proceedings.  One of which involved a March 20, 2023, order in which Judge Burmaster restricted Plaintiff's contact with the state court based on Plaintiff's incessant emails, requests, and demands for action to numerous personnel in the state district court. *See Burmaster I*, Doc. 7-1. Plaintiff alleged that the March 20, 2023, order was procured out of fraud and entered without judicial authority.  *Burmaster II*, Doc. 15. Plaintiff further alleged that Judge Burmaster violated his 14th Amendment rights by serving Plaintiff with a copy of an Extended Protection from Stalking Order that lacked certification under 18 U.S.C. § 2265. *Id.*, Doc. 41-1 at 4. Plaintiff further stated that the service of that order somehow violated a Kansas criminal statute, K.S.A. § 21-5907. Notably, Plaintiff then filed this action ("*Burmaster III*") against

Judge Burmaster alleging a violation of his civil rights because Plaintiff was "improperly summoned" with an April 2023 "deficient show cause order." (Doc. 1 at 4.) Plaintiff has since amended his complaint. His amended complaint includes other allegations recited herein and actions taken by Judge Burmaster in the state proceedings. (Doc. 10.)

In *Burmaster II*, Judge Burmaster moved to dismiss on several grounds, including collateral estoppel and judicial immunity. The court ruled that Plaintiff's claims were barred by collateral estoppel because of the court's prior finding in *Burmaster I* that Judge Burmaster was entitled to judicial immunity for his actions in the underlying state court case. *Burmaster II*, Doc. 53. Notably, Plaintiff amended his complaint in this case only days after this court dismissed *Burmaster II*. The court further notes that it imposed filing restrictions on Plaintiff for any future cases. *Id.* Those restrictions were not put into place until after Plaintiff filed this action. Therefore, the court declines to impose sanctions on Plaintiff for this action.

* * * *

Therefore, Plaintiff is barred from relitigating the question of judicial immunity and this action is therefore subject to dismissal as frivolous. . . . . This action is DISMISSED as it is frivolous.

*Escalante v. Burmaster*, Case No. 23-2559-JWB, Doc. 15, at 1–2, 5 (D. Kan. Jan. 25, 2024).

Plaintiff has also filed multiple habeas cases in this Court, where he continued to raise claims against his state court judges and proceedings, claimed violations of state statutes or rules, and was advised about this Court's requirement to abstain under *Younger* or *Ex Parte Royall*. *See Escalante v. Burmaster*, Case No. 23-3193-JWL, Doc. 5 (D. Kan. Sept. 18, 2023) (noting that the Tenth Circuit has affirmed cases applying *Younger* abstention to child custody cases and stating that "Petitioner raised the same issues in a prior case, in which he was advised about *Younger* abstention and judicial immunity, and the case was ultimately dismissed based on those doctrines.") (citing *see Escalante v. Burmaster*, Case No. 23-2130-TC-TJJ (D. Kan.)); *Escalante v. Burmaster*, Case No. 23-3195-JWL, Doc. 4 (D. Kan. Sept. 18, 2023) (same); *Escalante v. Droege*, Case No. 24-3142-JWL, Doc. 4 (D. Kan. Aug. 26, 2024) (finding that even if Petitioner

complied with filing restrictions, the case is subject to dismissal because Plaintiff alleges violations of state law, where he alleges a failure to comply with Kansas revocation statutes and the Kansas Open Records Act, and "*Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings").

The Court's duty to dismiss a frivolous action is mandatory under 28 U.S.C. § 1915A.  *See Flute v. Untied States*, 723 F. App'x 599, 603 (10th Cir. 2018) (unpublished) (citing § 1915A(a) and § 1915A(b)(1)).  "A frivolous complaint 'lacks an arguable basis in law or fact.'"  *Robbins v. Cty. of Boulder*, 592 F. App'x 710, 711 (10th Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The Court can dismiss a claim as frivolous "based on an indisputably meritless legal theory . . . [or on] factual contentions [that] are clearly baseless."  *Id*. (quoting *Neitzke*, 490 U.S. at 327).  "Thus, a frivolous complaint 'embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.'"  *Id*. (quoting *Neitzke*, 490 U.S. at 325).  "Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist."  *Id*. (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991)).  Furthermore, "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

This matter is dismissed as frivolous.  If Plaintiff files any further actions against his state court judges or regarding his ongoing state court proceedings, they may be summarily dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order is not taken in good faith, and therefore in forma pauperis status will be denied for the purpose of appeal.  If Plaintiff files a notice of appeal, he must pay the $605 appellate filing fee or file a motion for leave to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Complaint (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is **granted.**   Notwithstanding this grant of leave, Plaintiff is required to pay the full amount of the filing fee and is hereby assessed $350.00.  Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prisoner account. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that this matter is **dismissed** as frivolous.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **denied without prejudice** to filing a motion seeking leave to proceed in forma pauperis on appeal in the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated October 17, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**